ORIGINAL

1   MELINDA S. RIECHERT, State Bar No. 65504
    MORGAN, LEWIS & BOCKIUS LLP
2   2 Palo Alto Square
    3000 El Camino Real, Suite 700
3   Palo Alto, CA 94306-2212
    Tel: 650.843.4000
4   Fax: 650.843.4001
    Email: mriechert@morganlewis.com
5
    ROBERT J. HUDOCK, State Bar No. 208633
6   MORGAN, LEWIS & BOCKIUS LLP
    300 South Grand Avenue
7   Twenty-Second Floor
    Los Angeles, CA 90071-3132
8   Tel: 213.612.2500
    Fax: 213.612.2501
9   Email: rhudock@morganlewis.com

10  Attorneys for Defendant
    ARAMARK Health Support Services, LLC
11  (erroneously sued as ARAMARK Corporation)

**FILED**

08 JUL 25 PM 2:53

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

12              UNITED STATES DISTRICT COURT

13            SOUTHERN DISTRICT OF CALIFORNIA

14

15  TINA M. PICKETT,                    Case No. _____

16                Plaintiff,            **NOTICE OF REMOVAL OF ACTION**

17          vs.                         **28 U.S.C. § 1441(b) (DIVERSITY)**

18  ARAMARK CORPORATION, a Delaware
    Corporation, and DOES 1 to 20, inclusive,
19
20                Defendants.

**'08 CV 1346 JM RBB**

21  TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN

22  DISTRICT OF CALIFORNIA:

23          PLEASE TAKE NOTICE THAT Defendant ARAMARK Corporation[1] ("Defendant")

24  submits this Notice of Removal and, pursuant to 28 U.S.C. § 1441, hereby removes to this Court

25  the state action described below:

26          1.      On or about June 24, 2008, an action was commenced in the Superior Court of the

27  _____

28  [1] While Plaintiff filed her Complaint against ARAMARK Corporation, Plaintiff was in fact employed by
    ARAMARK Healthcare Support Services, LLC. See paragraph 6, infra.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20771085.1                                          NOTICE OF REMOVAL

1    State of California in and for the County of San Diego, entitled <u>Tina M. Pickett v. ARAMARK</u>

2    <u>Corporation, and Does 1 to 20</u>, alleging "Retaliation in Violation of California Government Code

3    section 12940, subdivision (h)" and "Pregnancy Discrimination in Violation of California

4    Government Code section 12945, subdivision (a)." A true and correct copy of the Complaint is

5    attached hereto as **Exhibit 1**.

6       2.       The Complaint and Summons were served on Defendant by process server on June

7    26, 2008. A true and correct copy of the Service of Process and Summons are attached hereto as

8    **Exhibit 2.**

9       3.       On July 22, 2008, Defendant filed an Answer to Plaintiff's Complaint in the

10   Superior Court of California, County of San Diego. A true and correct copy of Defendant's

11   Answer is attached hereto as **Exhibit 3**.

12       4.       This Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446(b), in that it

13   is filed within thirty (30) days from June 26, 2008, the date upon which service of the Complaint

14   upon Defendant was effective. <u>City of Clarksdale v. BellSouth Telecommunications, Inc.</u>, 428

15   F.3d 206, 210 (5th Cir. 2005) (holding that the date service becomes effective for purposes of

16   calculating the 30-day period for removal is determined by state law); California Code Civ. Proc.

17   §415.10 (personal service of summons is deemed complete on the date of personal delivery). No

18   previous Notice of Removal has been filed or made with this court for the relief sought herein.

19       5.       Pursuant to 28 U.S.C. §1441(b), any civil action over which the district courts of

20   the United States have original jurisdiction may be removed from state to federal court.

21       6.       This Court has original jurisdiction under 28 U.S.C. §1332(a) due to diversity of

22   citizenship and amount in controversy:

23           (a)       Complete diversity between the parties exists. Plaintiff Tina M. Pickett

24   ("Plaintiff"), at the time this action was commenced, was and still is a citizen of the State of

25   California. See Exhibit 1, Complaint, ¶1. While Plaintiff filed her Complaint against

26   ARAMARK Corporation, Plaintiff was in fact employed by ARAMARK Healthcare Support

27   Services, LLC. ARAMARK Healthcare Support Services, LLC was formed as a limited liability

28   company under the laws of the state of Delaware, and its principal place of business is in the State

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

1    of Pennsylvania. For purposes of establishing citizenship under diversity jurisdiction, limited

2    liability companies are treated like partnerships. TPS Utilicom Services, Inc. v. AT&T Corp.,

3    223 F. Supp.2d 1089, 1101 (C.D. Cal. 2002). Diversity of unincorporated associations and

4    partnerships is determined by the citizenship of its members. Grupo Dataflux v. Atlas Global,

5    LP, 541 U.S. 567, 569, 124 S.Ct. 1920, 1923. ARAMARK Healthcare Support Services, LLC is

6    wholly owned by ARAMARK Corporation. ARAMARK Corporation is a corporation

7    incorporated under the laws of the State of Delaware, and its principal place of business is in the

8    State of Pennsylvania. Therefore, no member of ARAMARK Healthcare Support Services, LLC

9    is a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

10              (b)    The inclusion of "Doe" defendants in Plaintiff's state court complaint have

11    no effect on removability. Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-691 (9th Cir.

12    1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants

13    sued under fictitious names shall be disregarded). In determining whether diversity of citizenship

14    exists, only the named defendants are considered. Id.

15              (c)    The amount in controversy exceeds the sum or value of $75,000, exclusive

16    of interests and costs. Plaintiff alleges in her Complaint that she was employed with Defendant

17    from July 27, 1992 to March 1, 2008, most recently as a District Manager. See Exhibit 1,

18    Complaint, ¶6. Plaintiff alleges that she was discriminated against based on her pregnancy and

19    that she was terminated from her employment with Defendant in retaliation for complaining about

20    allegedly inappropriate remarks made to her by another employee of Defendant. See Exhibit 1,

21    Complaint, ¶¶8-11, 14-19, 22-24, 28-29. Plaintiff seeks general and special damages. See

22    Exhibit 1, Complaint, Prayer. At the time Plaintiff separated from employment with Defendant,

23    Plaintiff earned an annual salary of $112,500.00. Plaintiff also seeks attorney fees. See Exhibit

24    1, Complaint, Prayer. Under California Government Code § 12965(b), attorney fees for cases

25    brought under California's Fair Employment and Housing Act are authorized. Courts have held

26    that an award of attorneys' fees, if such fees are authorized, may be considered for purposes of

27    calculating the amount in controversy. Ansley v. Metropolitan Life Ins. Co., 215 F.R.D. 575, 577

28    (D. Ariz. 2003). If Plaintiff were to prevail in this action, her recovery would more likely than

1   not exceed $75,000.00. <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566-567 (9th Cir. 1992), citing <u>Garza</u>

2   <u>v. Bettcher Indus., Inc.</u>, 752 F.Supp. 753, 763 (E.D. Mich. 1990) (holding that where the

3   complaint does not state the amount of damages sought, the standard of proof for showing the

4   amount in controversy is preponderance of the evidence).

5          7.      The Summons, Complaint, and Answer attached to this Notice constitute all the

6   process, pleadings, and orders filed in this action in San Diego County Superior Court and of

7   which Defendant has knowledge to date.

8          8.      This district embraces the county in which the removed action has been pending.

9          9.      Defendant will promptly serve Plaintiff with this Notice of Removal and will

10  promptly file a copy of this Notice of Removal with the clerk of the state court in which the

11  action is pending, as required under 28 U.S.C. § 1446(d).

12         WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

13  in 28 U.S.C. § 1446, Defendant prays that the above-captioned action in the Superior Court of the

14  State of California in and for the County of San Diego be removed to this Court.

15

16  Dated: July 25, 2008                          MORGAN, LEWIS & BOCKIUS LLP
                                                   MELINDA S. RIECHERT
17                                                 ROBERT J. HUDOCK

18

19                                                 By
                                                      Robert J. Hudock
20                                                    Attorneys for Defendant
                                                      ARAMARK Healthcare
21                                                    Support Services, LLC

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
  LOS ANGELES

DB2/20771085.1                         4                    NOTICE OF REMOVAL

**EXHIBIT 1**

CIVIL ... PAGE 9

... 24 A 9: 38

1   MICHAEL A. CONGER, ESQUIRE  (State Bar #147882)
     LAW OFFICE OF MICHAEL A. CONGER
2   16236 San Dieguito Road, Suite 4-14
     Mailing: P.O. Box 9374
3   Rancho Santa Fe, California 92067
     Telephone: (858) 759-0200
4   Facsimile: (858) 759-1906

5   Attorney for Plaintiff Tina M. Pickett

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF SAN DIEGO

10   TINA M. PICKETT,              )     CASE NO: 37-2008-00086324-CU-OE-CTL
                          )
11             Plaintiff,        )
                          )
12   v.                          )     COMPLAINT FOR RETALIATORY
                          )     DISCHARGE AND PREGNANCY
13   ARAMARK CORPORATION, a Delaware   )     DISCRIMINATION
     Corporation, and DOES 1 to 20, inclusive,   )
14                           )
             Defendants.      )
15                           )

16 _____ )

17

18      1.     TINA M. PICKETT ("PICKETT") is an individual residing in San Diego,

19 California.

20      2.     Defendant ARAMARK Corporation ("ARAMARK") is a Delaware corporation

21 doing business in San Diego, California.

22      3.     The true names or capacities, whether individual, corporate, associate, or

23 otherwise, of defendants DOES 1 to 20, inclusive, are unknown to plaintiff, who therefore sues

24 said defendants by such fictitious names.

25      4.     Plaintiff is informed and believes and thereon alleges that each of the defendants

26 designated herein as a DOE is responsible in some manner for the events and happenings herein

27 referred to, and caused injury and damages proximately thereby to plaintiff as herein alleged.

28 Plaintiff will seek leave of court to amend this complaint to set forth the true names and

1

1    capacities of such named defendants when their identities become known to her.

2        5.      Plaintiff is informed and believes and thereon alleges that each defendant named

3    in this action, including DOE defendants, at all relevant times, was the agent, ostensible agent,

4    servant, employee, representative, assistant, joint venturer, and/or co-conspirator of each of the

5    other defendants, and was at all times acting within the course and scope of his, her, or its

6    authority as agent, ostensible agent, servant, employee, representative, joint venturer, and/or

7    co-conspirator, and with the same authorization, consent, permission or ratification of each of the

8    other defendants.

9                         **FACTS**

10        6.      PICKETT was employed by ARAMARK from July 27, 1992 until March 1, 2008,

11    most recently as a district manager.

12        7.      During her employment, PICKETT received exemplary performance reviews,

13    merit increases, and various employment-related accolades from ARAMARK.

14        8.      In 2005, Anthony Ashe, a regional vice president for ARAMARK, became

15    PICKETT's supervisor.

16        9.      Ashe made several inappropriate remarks to PICKETT, which created a hostile

17    work environment.  The remarks included: (a) chastising PICKETT for complaining about the

18    religious nature (pertaining to Christianity) of a professional seminar Ashe requested PICKETT

19    to attend; (b) telling PICKETT that he had managed to have a Jewish employee who made a

20    similar complaint fired; (c) demeaning women in work related situations in the presence of

21    others, such as telling one female employee to "shut her muzzle"; and (d) promoting a co-worker,

22    rather than disciplining that co-worker, who PICKETT had complained to ASHE continually

23    referred to PICKETT "babe," "honey," and "sweetheart."

24        10.     After PICKETT complained to Ashe regarding these and other incidents, Ashe

25    gave PICKETT by far the lowest performance rating she had received in the previous 11 years.

26        11.     On January 5, 2006, PICKETT complained to ARAMARK regarding Ashe's

27    conduct.

28        12.     Based on information and belief, Ashe was disciplined on or about March 17,

Complaint for Retaliatory Discharge and Pregnancy Discrimination

1 | 2006, but remained PICKETT's supervisor.

2 |     13.    After March 17, 2006, Ashe treated PICKETT in a very cold, abrupt, and

3 | unprofessional manner.

4 |     14.    In August 13, 2007, PICKETT took her pregnancy leave to deliver her first child.

5 |     15.    During PICKETT's pregnancy leave, her position was eliminated.

6 |     16.    Based on information and belief, Ashe maneuvered to have PICKETT's position

7 | eliminated by acting and failing to act to maintain the satisfaction of the ARAMARK customer

8 | PICKETT managed.

9 |     17.    When PICKETT returned from maternity leave on January 2, 2008, she was

10 | informed her position had been eliminated and that there were no positions available to

11 | PICKETT, despite here exemplary past performance, in a company with more than 250,000

12 | employees worldwide.

13 |     18.    After PICKETT"s return from maternity leave, a comparable position was

14 | available, but Ashe refused to allow PICKETT to obtain that position.

15 |     19.    On March 1, 2008, PICKETT was terminated from ARAMARK.

16 | **FIRST CAUSE OF ACTION**

17 | **RETALIATION IN VIOLATION OF GOVERNMENT CODE**

18 | **SECTION 12940, subdivision (h)**

19 | **(Against Defendant ARAMARK and DOES 1-10)**

20 |     20.    Plaintiff incorporates all previous paragraphs of her complaint as if fully set forth

21 | here.

22 |     21.    The Fair Employment and Housing Act, Government Code section 12940,

23 | subdivision (h), makes it unlawful for "any employer, labor organization, employment agency, or

24 | person to discharge, expel, or otherwise discriminate against any person because the person has

25 | opposed any practices forbidden under this part or because the person has filed a complaint,

26 | testified, or assisted in any proceeding under this part."

27 |     22.    PICKETT engaged in protected activity under Government Code section 12940,

28 | subdivision (h), when she complained to ARAMARK and Ashe regarding the conduct set forth

3

1  in paragraph 9.

2      23.    Rather that rectify that conduct, PICKETT was terminated on pretextual grounds.

3      24.    PICKETT's termination was as the result of her the protected activity described in

4  paragraphs 9-11 and 22.

5      25.    ARAMARK is liable for the acts of Ashe in retaliating against PICKETT and for

6  terminating her for pretextual reasons after she engaged in protected activity.

7      26.    As the result of the result of the ARAMARK's conduct, PICKETT has been

8  damaged in an amount to be established at trial.

9  ### SECOND CAUSE OF ACTION

10  **PREGNANCY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE**

11  **SECTION 12945, subdivision (a)**

12  **(Against Defendant ARAMARK and DOES 11-20)**

13      27.    Plaintiff incorporates all previous paragraphs of her complaint as if fully set forth

14  here.

15      28.    The Fair Employment and Housing Act, Government Code section 12945,

16  subdivision (a) makes it unlawful for "an employer to refuse to allow a female employee disabled

17  by pregnancy, childbirth, or related medical conditions to take a leave for a reasonable period of

18  time . . . and thereafter return to work, as set forth in the commissioner's regulations."

19      29.    ARAMARK violated Government Code section 12954, subdivision (a) when it

20  (a) failed to act to preserve PICKETT's job during her pregnancy leave and (b) failed to allow

21  PICKETT to reinstate to a comparable position.

22      30.    As the result of the result of the ARAMARK's conduct, PICKETT has been

23  damaged in an amount to be established at trial.

24      WHEREFORE, plaintiff prays for the following:

25      1.    For general damages according to proof;

26      2.    For special damages according to proof;

27      3.    For pre-judgment interest;

28      4.    For costs of the suit incurred by the plaintiff;

4

5.    For reasonable attorney fees incurred by the plaintiff; and

6.    For such additional and further relief as this Court may deem just.

Dated:  June 24, 2008                          LAW OFFICE OF MICHAEL A. CONGER

By:    _____
       Michael A. Conger
       Attorney for Plaintiff

Jury trial demanded.

5

Complaint for Retaliatory Discharge and Pregnancy Discrimination

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 450-7062 |

PLAINTIFF(S) / PETITIONER(S):    Tina M Pickett

DEFENDANT(S) / RESPONDENT(S):  Aramark Corporation, a Delaware Corporation

PICKETT VS. ARAMARK CORPORATION, A DELAWARE CORPORATION

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00086324-CU-OE-CTL |
|---|---|

Judge:  Ronald L. Styn                                                    Department: C-62

COMPLAINT/PETITION FILED: 06/24/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

SDSC CIV-721 (Rev. 11-06)                                                                                              Page: 1

### NOTICE OF CASE ASSIGNMENT

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00086324-CU-OE-CTL    CASE TITLE: Pickett vs. Aramark Corporation, a Delaware Corporation

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

### ADR OPTIONS

1) **CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) **JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

3) **SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) **OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

SDSC CIV-730 (Rev 12-06)

Page: 2

2

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Tina M Pickett |
|---|
| DEFENDANT(S): Aramark Corporation, a Delaware Corporation |
| SHORT TITLE: PICKETT VS. ARAMARK CORPORATION, A DELAWARE CORPORATION |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00086324-CU-OE-CTL |
|---|---|

Judge: Ronald L. Styn                                         Department: C-62

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                   ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____        Date: _____

_____        _____
Name of Plaintiff                                Name of Defendant

_____        _____
Signature                                        Signature

_____        _____
Name of Plaintiff's Attorney                     Name of Defendant's Attorney

_____        _____
Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 06/24/2008                                _____
                                                  JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

3

# * * * EMPLOYMENT * * *

**COMPLAINT OF DISCRIMINATION UNDER
THE PROVISIONS OF THE CALIFORNIA
FAIR EMPLOYMENT AND HOUSING ACT**

DFEH # E200708-D-1495-00-rc

DFEH USE ONLY

## CALIFORNIA DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

| YOUR NAME (indicate Mr. or Ms.) | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Ms. Tina Pickett | (858) 759-0200 |

ADDRESS
c/o Michael A. Conger, Esquire, P.O. Box 9374

| CITY/STATE/ZIP | | |
|---|---|---|
| Rancho Santa Fe, California | San Diego | |
| | COUNTY | COUNTY CODE |

**NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE
OR LOCAL GOVERNMENT AGENCY OR INDIVIDUAL WHO DISCRIMINATED AGAINST ME:**

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| ARAMARK Healthcare | |

ADDRESS
2010 Main Street, Suite 1200

DFEH USE ONLY

| CITY/STATE/ZIP | | COUNTY CODE |
|---|---|---|
| Irvine, California | COUNTY | RESPONDENT CODE |

| NO. OF EMPLOYEES/MEMBERS (if known) | DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (month, day, and year)   March 1, 2008 | |

THE PARTICULARS ARE:

On  March 1, 2008 _____ , I was    ___ fired          ___ denied employment      ___ denied family leave
       (date of harm)              X   laid off       ___ denied promotion       ___ denied pregnancy leave
                                   ___ demoted        ___ denied transfer        ___ denied equal pay
                                   ___ harassed       ___ denied accommodation
                                   ___ forced to quit ___ other (specify) _____

by  Stephen M. Day, Senior Director, Human Resources
    Name of Person                 Job Title (supervisor/manager/personnel director/etc.)

because of my:  ___ sex        ___ race/color              ___ physical disability   X  (Circle one) filing:
                ___ age        ___ national origin/ancestry ___ mental disability     (protesting;) participating in
                ___ family     ___ marital status          ___ medical condition     investigation (retaliation for)
                ___ religion   ___ association             ___ other (specify) _____

the reason given by ____ Stephen M. Day, Senior Director, Human Resources
                              Name of Person and Job Title

was because of
[please state
what you believe
to be reason(s)]

No position available.  After 15 years of employment including

exemplory performance reviews, my position was eliminated while I

was on pregnancy leave and Aramark made no reasonable effort to find

another position for me.  I believe this was in retaliation for a

sexual harassment complaint I made against my boss, Tony Ashe , in 2006.

I wish to pursue this matter in court. I hereby request that the Department of Fair Employment and Housing provide an
authorization to file a lawsuit.

I have not been coerced into making this request, nor do I make it based on fear of retaliation if I do not do so. I understand
it is the Department of Fair Employment and Housing's policy to not process or reopen a complaint once the complaint has been
closed on the basis of "Complainant Elected Court Action".

I declare under penalty of perjury that the foregoing is true and correct of my own knowledge except as to matters stated on my
information and belief, and as to those matters I believe it to be true.

RECEIVED

Dated    May 27, 2008 _____

At    Rancho Santa Fe _____
          City

COMPLAINANT'S SIGNATURE    MAY 2 9 2008

DATE FILED:  5/29/08

SAN DIEGO
DISTRICT OFFICE

DFEH-300-03 (07/93)
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING

STATE OF CALIFORNIA

STATE OF CALIFORNIA - STATE AND CONSUMER SERVICES AGENCY                                    ARNOLD SCHWARZENEGGER, Governor

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
1350 Front Street, Suite 3005 San Diego, CA 92101
(619) 645-2681 TTY (800) 700-2320 Fax (619) 645-2683
www.dfeh.ca.gov



June 4, 2008


TINA PICKETT
c/o P.O. Box 9374
Rancho Santa Fe, CA 92067-4374


RE:     E200708D1495-00-rc
        PICKETT/ARAMARK HEALTHCARE

Dear TINA PICKETT:

### NOTICE OF CASE CLOSURE

This letter informs that the above-referenced complaint that was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
May 29, 2008 because an immediate right-to-sue notice was requested. DFEH will take
no further action on the complaint.

This letter is also the Right-To-Sue Notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity
Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this
DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act,
whichever is earlier.

Notice of Case Closure
Page Two

DFEH does not retain case files beyond three years after a complaint is filed, unless the case is still open at the end of the three-year period.

Sincerely,

*Belinda Le Doux*

Belinda LeDoux
District Administrator


cc:     Case File

---

Director
Human Resources/Personnel
ARAMARK HEALTHCARE
2010 Main Street, Suite 1200
Irvine, CA  92614-7217

**EXHIBIT 2**

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
06/26/2008
CT Log Number 513573994

||||||||||||||||||||||||||||||||||||||||||||||||||

TO:     Noni Boddie, Office Manager
        ARAMARK Corporation
        1101 Market Street, ARAMARK Tower
        Philadelphia, PA 19107-2988

RE:     **Process Served in California**

FOR:    ARAMARK Corporation (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Tina M. Pickett, Pltf. vs. Aramark Corporation, etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Stipulation Form, Attachment |
| **COURT/AGENCY:** | San Diego County, Superior Court, CA<br>Case # 37200800086324CUOECTL |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - on the basis of pregnancy - Wrongful termination 03/01/2008 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/26/2008 at 08:20 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Michael A. Conger<br>Law Office of Michael A. Conger<br>16236 San Dieguito Road<br>Suite 4-14<br>Rancho Santa Fe, CA 92067<br>858-759-0200 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 798469156751 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



RECEIVED
JUN 3 0 2008
By

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUMMONS  6/26/08  8:20am
(CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ARAMARK CORPORATION, a Delaware Corporation, and DOES
1 to 20, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TINA M. PICKETT

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN DIEGO SUPERIOR COURT<br>330 W. BROADWAY<br>P.O. BOX 120128<br>SAN DIEGO, CA 92101 | CASE NUMBER: 37-2008-00086324-CU-OE-CTL<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL A. CONGER, ESQUIRE          (858) 759-0200   (858) 759-1906
LAW OFFICE OF MICHAEL A. CONGER          Phone #          Fax #
16236 SAN DIEGUITO ROAD, SUITE 4-14   (MAILING ADDRESS:   P.O. BOX 9374)
RANCHO SANTA FE, CA 92067

DATE:                                           Clerk, by   T. Lusch                    , Deputy
*(Fecha)* JUN 2 4 2008                          *(Secretario)*                           *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

[SEAL]

3. ☒ on behalf of *(specify):* Aramark corporation, a Delaware corporation

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 3**



1  MELINDA S. RIECHERT, State Bar No. 65504
   MORGAN, LEWIS & BOCKIUS LLP
2  2 Palo Alto Square
   3000 El Camino Real, Suite 700
3  Palo Alto, CA  94306-2122
   Tel: 650.843.4000
4  Fax: 650.843.4001
   Email: mriechert@morganlewis.com
5
   ROBERT J. HUDOCK, State Bar No. 208633
6  MORGAN, LEWIS & BOCKIUS LLP
   300 South Grand Avenue
7  Twenty-Second Floor
   Los Angeles, CA  90071-3132
8  Tel: 213.612.2500
   Fax: 213.612.2501
9  Email: rhudock@morganlewis.com

10 Attorneys for Defendant
   ARAMARK Healthcare Support Services, LLC
11 (erroneously sued as ARAMARK CORPORATION)

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                    COUNTY OF SAN DIEGO

14

15 TINA M. PICKETT,                    Case No. 37-2008-00086324-CU-OE-CTL

16          Plaintiff,                 DEFENDANT ARAMARK HEALTHCARE
                                       SUPPORT SERVICES, LLC'S ANSWER
17     vs.                             TO PLAINTIFF'S COMPLAINT

18 ARAMARK CORPORATION, a Delaware     Date of Filing:  June 24, 2008
   Corporation, and DOES 1-20, inclusive,
19
            Defendants.
20

21

22

23

24

25

26

27

28
MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20763239.1

          DEFENDANT ARAMARK'S ANSWER TO PLAINTIFF'S COMPLAINT

1   Defendant ARAMARK Healthcare Support Services, LLC (erroneously sued as

2   ARAMARK CORPORATION) ("Defendant") hereby answers and responds to Plaintiff Tina M.

3   Pickett's ("Plaintiff") Complaint as follows:

4   ## GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT

5   Pursuant to Section 431.30(d) of the Code of Civil Procedure, Defendant denies, generally

6   and specifically, each, every, and all material allegations of the Complaint, each and every

7   purported cause of action set forth therein, and the whole thereof; Defendant further denies that

8   Plaintiff has been damaged in any sum or sums, or at all, or that Plaintiff has suffered, incurred,

9   or will suffer or incur any injury, damage, or loss by reason of any act, omission to act, or any

10   conduct, whether negligent, intentional, or otherwise, on the part of Defendant, and its agents or

11   employees.

12   WHEREFORE, Defendant prays for judgment as hereinafter set forth:

13   ## AFFIRMATIVE DEFENSES

14   As separate and independent affirmative defenses to each cause of action in Plaintiff's

15   Complaint, Defendant alleges as follows:

16   ### FIRST AFFIRMATIVE DEFENSE
17   #### (Failure To State A Claim)

18   1.    Plaintiff is barred from recovery because the Complaint, and each and every cause

19   of action contained therein, fails to state facts sufficient to constitute a cause of action upon which

20   relief may be granted.

21   ### SECOND AFFIRMATIVE DEFENSE
22   #### (Statute Of Limitations)

23   2.    Plaintiff's claims are barred in whole or in part by the applicable statutes of

24   limitation, including, but not limited to, Code of Civil Procedure Sections 335.1, 337, and 339.

25   ### THIRD AFFIRMATIVE DEFENSE
26   #### (Failure to Mitigate)

27   7.    Plaintiff is barred from any recovery in this action because she has failed to act

28   reasonably to mitigate her alleged damages, if any.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20763239.1                                 1

DEFENDANT ARAMARK'S ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE
### (Motivating Factor)

10.    To the extent that discrimination was a motivating factor in Plaintiff's alleged adverse employment actions (which Defendant denies), Defendant's legitimate reasons, standing alone, would have induced Defendant to make the same employment decisions.

## FIFTH AFFIRMATIVE DEFENSE
### (Same Act Regardless of Motivation)

11.    Defendant would have taken the same actions towards Plaintiff in the absence of any alleged impermissible motivating factor (the existence of which such factor Defendant denies).

## SIXTH AFFIRMATIVE DEFENSE
### (Management Discretion)

12.    Defendant's conduct was a just and proper exercise of managerial discretion, undertaken for fair and honest reasons, comporting with good faith under the circumstances then existing, and was privileged and justified.

## SEVENTH AFFIRMATIVE DEFENSE
### (Good Faith – Business Necessity)

13.    All acts of Defendant affecting the terms and conditions of Plaintiff's employment were taken in good faith and motivated by non-retaliatory, non-discriminatory, and legitimate business reasons and/or a business necessity.

## EIGHTH AFFIRMATIVE DEFENSE
### (At-Will Employment)

14.    Plaintiff was, at all times during her employment, an at-will employee, terminable at the election of her employer, with or without cause.  Labor Code §2922.

## NINTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

15.    To the extent during the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20763239.1

2

DEFENDANT ARAMARK'S ANSWER TO PLAINTIFF'S COMPLAINT

1    conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

2    disciplined, or terminated, such after-acquired evidence shall bar Plaintiff on liability or damages

3    or shall reduce such claims as provided by law.

4         Defendant has not yet completed a thorough investigation and study or completed

5    discovery of all facts and circumstances of the subject matter of the Complaint, and accordingly,

6    reserves its right to amend, modify, revise, or supplement its Answer, and to plead such further

7    defenses and take such further actions as it may deem proper and necessary in its defense upon

8    the completion of said investigation and study.

9         WHEREFORE, Defendant prays:

10   1.    That Plaintiff take nothing by this action;

11   2.    That judgment be entered for Defendant;

12   3.    That Defendant be awarded its costs; and

13   4.    That this Court order such other and further relief as it deems proper.

14

15   Dated: July 22, 2008

                              MORGAN, LEWIS & BOCKIUS LLP
16                            MELINDA S. RIECHERT
                              ROBERT J. HUDOCK
17

18                            By

19                               Robert J. Hudock
                                 Attorneys for Defendant
20                               ARAMARK Healthcare
                                 Support Services, LLC
21

22

23

24

25

26

27

28

DB2/20763239.1                              3

DEFENDANT ARAMARK'S ANSWER TO PLAINTIFF'S COMPLAINT

1

## PROOF OF SERVICE

2       I am a resident of the State of California and over the age of eighteen years, and not a
party to the within action; my business address is 300 South Grand Avenue, 22nd Floor, Los
3   Angeles, California 90071.

4       On July 22, 2008, I served the within document(s):

5          DEFENDANT ARAMARK HEALTHCARE SUPPORT
           SERVICES, INC.'S ANSWER TO PLAINTIFF'S
6          COMPLAINT

7      ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
8           forth below on this date before 5:00 p.m.

9      ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
           fully prepaid, in the United States mail at Los Angeles, California addressed as set
10        forth below.

11     ☐    by placing the document(s) listed above in a sealed Federal Express envelope and
           affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal
12        Express agent for delivery.

13     ☐    by causing the document(s) listed above to be personally delivered to the person(s)
           at the address(es) set forth below.

14     ☐    by transmitting via electronic mail the document(s) listed above to each of the
15          person(s) as set forth below.

16    Michael A. Conger             Attorney for Plaintiff
       Law Office of Michael A. Conger     Tina M. Pickett
17    16236 San Dieguito Road
       Suite 4-14
18    P.O. Box 9374
       Rancho Santa Fe, CA 92067

19

20       I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
21  day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
22  meter date is more than one day after date of deposit for mailing in affidavit.

23       Executed on July 22, 2008, at Los Angeles, California.

24       I declare under penalty of perjury, under the laws of the State of California, that the above
is true and correct.

25

26

27                       Yvonne Ceballos

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

DB2/20763239.1                     4

DEFENDANT ARAMARK'S ANSWER TO PLAINTIFF'S COMPLAINT

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 153392     — TC**

**July 25, 2008
15:03:52**

**Civ Fil Non-Pris**
USAO #.: 08CV1346
Judge..: JEFFREY T MILLER
Amount.:                    $350.00 CK
Check#.: BC70519

**Total–>   $350.00**

FROM: TINA M. PICKETT
      VS.
      ARAMARK CORPORATION

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required
by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use
of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Tina M. Pickett

**DEFENDANTS**
Aramark Corporation

FILED
08 JUL 25 PM 2:53
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIF.

**'08 CV 1346 JM RBB**

BY:                    DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael A. Conger
Law Offices of Michael A. Conger
16236 San Dieguito Road, Suite 4-14
Rancho Santa Fe, CA 92067

ATTORNEYS (IF KNOWN)

(See Attachment)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR
(For Diversity Cases Only)                          PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)   Retaliation; pregnancy discrimination

28 USC 1441 B

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Medical Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| | | ☒ 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding    ☒ 2 Removal from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ 6 Multidistrict Litigation    ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN
COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☒ NO

**VIII. RELATED CASE(S)
IF ANY**   (See instructions):   JUDGE _____   Docket Number _____

DATE   7/25/08

SIGNATURE OF ATTORNEY OF RECORD

#153392   [signature]

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

$350   7/25/08

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) Plaintiffs - Defendants.  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    Jurisdiction.  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2)  When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.  Residence (citizenship) of Principal Parties.  This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V.   Nature of Suit.  Place an  "X"  in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

VI.  Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court.  (2)    Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened.  (4)  Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6)  Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases.  This section of the JS-44 is used to reference relating pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature.  Date and sign the civil cover sheet.

(rev. 07/89)

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)