UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. PICKETT, | Civil No. 08CV1346 JM(RBB) |
| Plaintiff, | CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS |
| v. | |
| ARAMARK CORPORATION, a Delaware Corporation, and DOES 1 to 20, inclusive, | (Rule 16, Fed.R.Civ.P.) (Local Rule 16.1) |
| Defendants. | |

Pursuant to rule 16 of the Federal Rules of Civil Procedure, a case management conference was held on <u>August 27, 2008</u>. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. All discovery shall be completed by all parties on or before <u>June 8, 2009</u>. All motions for discovery shall be filed no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. For oral discovery, the event giving rise to the discovery dispute is the completion of the transcript of the affected portion of the deposition. For

written discovery, the event giving rise to the discovery dispute is the service of the response.  All interrogatories and document production requests must be served by April 8, 2009.

    2.   Plaintiff(s) shall serve on all other parties a list of expert witnesses whom Plaintiff(s) expect(s) to call at trial by April 8, 2009.  Defendant(s) shall serve on Plaintiff(s) a list of expert witnesses Defendant(s) expect(s) to call at trial by May 8, 2009.  Each party may supplement its designation in response to the other party's designation no later than May 22, 2009.  The parties must identify any person who may be used to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts.  The designation(s) shall comply with rule 26(a)(2) of the Federal Rules of Civil Procedure and be accompanied by a written report prepared and signed by each witness, including in-house or other witnesses providing expert testimony.  If a party does not intend to offer expert opinion at the trial, the party shall provide a statement that it does not presently intend to offer the testimony of any expert witness.  A written report is not required from a witness giving testimony as a percipient expert.

    On receipt of an expert designation from a party, any other party may take the deposition of any person on the list.

    A party that fails to make these disclosures shall not, absent substantial justification, be permitted to use this evidence at any hearing or at the time of trial.  Opinions and reasons for opinions not disclosed during depositions or in reports are subject to exclusion absent substantial justification.  In addition, the Court may impose other sanctions as permitted by Fed. R. Civ. P. 37(c).

1        3.   Any motion to join other parties, to amend the pleadings
2   or to file additional pleadings shall be filed and heard on or
3   before <u>March 9, 2009</u>.
4        4.   All other pretrial motions must be filed on or before
5   <u>July 10, 2009</u>.  Please be advised that counsel for the moving party
6   must obtain a motion hearing date from the law clerk of the judge
7   who will hear the motion.  **<u>Be further advised that the period of</u>**
8   **<u>time between the date you request a motion date and the hearing</u>**
9   **<u>date may vary from one district judge to another.  Please plan</u>**
10  **<u>accordingly</u>**.  For example, you may need to contact the judge's law
11  clerk in advance of the motion cutoff to calendar the motion.
12  Failure to timely request a motion date may result in the motion
13  not being heard.
14       Questions regarding this case should be directed to the
15  judge's law clerk.  The Court draws the parties' attention to Local
16  Rule 7.1(e)(4) which requires that the parties allot <u>additional</u>
17  <u>time for service of motion papers by mail</u>.  Papers not complying
18  with this rule shall not be accepted for filing.
19       Briefs or memoranda in support of or in opposition to any
20  pending motion shall not exceed twenty-five (25) pages in length
21  without leave of the judge who will hear the motion.  No reply
22  memorandum shall exceed ten (10) pages without leave of the judge
23  who will hear the motion.
24       5.   Further settlement conferences shall be held at
25  appropriate intervals during the course of the litigation in the
26  chambers of Judge Ruben B. Brooks.  A further settlement conference
27  shall be held on <u>November 10, 2008, at 1:30 p.m.</u>  A mandatory
28

settlement conference date will be set at one of the scheduled settlement conferences.

All parties, claims adjusters for insured Defendants and non-lawyer representatives with complete authority to enter into a binding settlement, as well as the principal attorneys responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference and at all settlement conferences.  Retained outside corporate counsel shall not appear on behalf of a corporation as the party representative who has the authority to negotiate and enter into a settlement.  Failure to attend or obtain proper excuse will be considered grounds for sanctions.

If Plaintiff is incarcerated in a penal institution or other facility, the Plaintiff's presence is not required at conferences before Judge Brooks, and the Plaintiff may participate by telephone.  In that case, defense counsel is to coordinate the Plaintiff's appearance by telephone.

**Confidential written settlement statements for the mandatory settlement conference shall be lodged directly in the chambers of Judge Brooks no later than five court days before the mandatory settlement conference.**  The statements need not be filed with the Clerk of the Court or served on opposing counsel.  The statements will not become part of the court file and will be returned at the end of the conference upon request.  Written statements may be lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead, the statement should include a neutral factual statement of the case, identify controlling legal issues, and concisely set

out issues of liability and damages, including any settlement demands and offers to date and address special and general damages where applicable.

If appropriate, the Court will consider the use of other alternative dispute resolution techniques.

6. Counsel shall serve on each other and file with the Clerk of the Court their memoranda of contentions of fact and law in compliance with Local Rule 16.1(f)(2) on or before <u>October 29, 2009</u>.  On or before this date, all parties or their counsel shall also fully comply with the pretrial disclosure requirements of rule 26(a)(3) of the Federal Rules of Civil Procedure.

7. Counsel shall confer and take the action required by Local Rule 16.1(f)(4) on or before <u>November 3, 2009</u>.  A personal meeting between an incarcerated Plaintiff, acting in <u>pro per</u>, and defense counsel is not required.

At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues.  Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment, lists of witnesses and their addresses including experts who will be called to testify and written contentions of applicable facts and law. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(2)(c).  Counsel shall cooperate in the preparation of the proposed final pretrial conference order.

8. The proposed final pretrial conference order, including objections to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures, shall be prepared, served and lodged with the Clerk of the Court on or before <u>November 6, 2009,</u> and shall be in the form

1  prescribed in and in compliance with Local Rule 16.1(f)(6).
2  Counsel shall also bring a court copy of the pretrial order to the
3  pretrial conference.
4      9.   The final pretrial conference shall be held before the
5  Honorable Jeffrey T. Miller, United States District Judge, on
6  <u>November 13, 2009, at 8:30 a.m.</u>  Trial shall begin on <u>December 14,</u>
7  <u>2009, at 10:00 a.m.</u>
8      10.  The dates and times set forth herein will not be modified
9  except for good cause shown.
10     11.  Plaintiff's(s') counsel shall serve a copy of this order
11  on all parties that enter this case hereafter.
12
13  Dated:  August 27, 2008                  /s/ Ruben Brooks
                                             RUBEN B. BROOKS
14                                           United States Magistrate Judge
15
    cc:    All Parties of Record
16

# CASE RESOLUTION GUIDELINES

## Attendance

All parties and claims adjusters for insured Defendants and representatives with complete authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case. Failure to attend or obtain proper excuse will be considered grounds for sanctions.

## Case Resolution Conference Briefs

Written statements, when specifically requested, shall be lodged in the chambers of Judge Brooks no later than five court days before the scheduled conference. The statements will not become part of the court file. Written statements may be submitted on a confidential basis and lodged with Judge Brooks either by mail or in person.

Any statement submitted should avoid arguing the case. Instead the statement should include a neutral factual statement of the case and concisely set out issues of liability and damages, including any settlement demands and offers to date, and address special and general damages where applicable.

If appropriate, the court will consider the use of other alternative dispute resolution techniques.

If you have any further questions, please feel free to contact my research attorney, at (619) 557-3404.